UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 3:12-CR-00032-LRH-WGC |
| ) | |
| v. ) | |
| ) | ORDER |
| ADOLPH VYTAUTAS STANKUS, III, ) | |
| ) | |
| Defendant. ) | |

Before the court is Defendant's motion to dismiss the superseding indictment (#29[1]). The United States filed an opposition (#32), and Defendant replied (#33).

Adolph Vytautas Stankus, III, is charged in the superseding indictment (#24) with two counts of Interference with Commerce by Armed Robbery, in violation of 18 U.S.C. § 1951 (the "Hobbs Act"), and one count of Use of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A). The charges are based on allegations that the defendant robbed two different convenience stores on separate dates and that the stores were each "engaged in the retail sale of edible goods, alcoholic beverages, and other inventory acquired from sources originating outside the State of Nevada, which affects interstate commerce." The indictment further alleges that the defendant "did unlawfully obstruct, delay and affect and attempt to obstruct,

---

[1] Refers to the court's docket entry number.

delay and affect commerce . . . and the movement of articles and commodities in such commerce, by robbery . . . ."

The defendant now moves to dismiss the indictment on the ground that it fails to properly allege sufficient facts for the Hobbs Act offenses. More specifically, the defendant contends that the indictment fails to sufficiently allege actual effects on interstate commerce, and that its bare-bones recitation of the interstate commerce element of the Hobbs Act offenses is insufficient.

Having considered the parties' arguments and briefing, the court finds that the defendant's argument is precluded by *United States v. Woodruff*, 50 F.3d 673, 675-76 (9th Cir. 1995), which rejected an identical challenge to a Hobbs Act indictment that similarly contained only bare-bones charging allegations regarding the effects on interstate commerce. "Although the indictment contained no facts alleging how interstate commerce was interfered with, and did not state any theory of interstate impact, prior decisions of [this circuit] compel the conclusion that the indictment was sufficient as written." *Id.* at 676.

Of course, this conclusion "does not absolve the government from proving an 'interstate impact' of the robberies at trial." *Id.* at 677. On the present posture, the court only determines that "it need not . . . be expressly described in the indictment." *Id.*

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Superseding Indictment is DENIED.

IT IS SO ORDERED.

DATED this 23rd day of August, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2